FILED'10 SEP 14 11:44USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ERIC NITSCHKE,

        Petitioner,         Civil No. 07-1734-CL

        v.                   REPORT AND
                             RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment dated June 8, 2000, from Multnomah County Circuit Court after convictions for one count of manslaughter in the First Degree, two counts of Failure to Perform Duties of a Driver, one count of Driving under the Influence of Intoxicant, one count of Possession of a controlled Substance II and Delivery of a Controlled Substance

1 - REPORT AND RECOMMENDATION

II. Exhibit 101. After a jury convicted petitioner of the above-listed crimes, the trial court deem petitioner a "dangerous offender" and sentenced him to 30 years of imprisonment with a minimum of 180 months. Id.

Petitioner directly appealed his convictions, but the Court of Appeals affirmed in a per curiam opinion. The Oregon Supreme Court denied review, and the United States Supreme Court denied certiorari. Exhibits 103 - 111.

Petitioner filed a First Amended Petition for Post Conviction Relief (Exhibit 113) but the court denied relief. Exhibit 125. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Exhibits 126 - 132.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging five grounds for relief. Petition (#1). Respondent contends that petitioner has "procedurally defaulted on all of his claims by his failure to timely pursue to completion all his available remedies in a proper procedural context, and habeas review of those issues should be denied." Answer (#22), p. 2.

As noted above, petitioner's Petition (#1) alleges five grounds for relief. However, in petitioner's Brief on the Merits in Support of Petition (#35), Petitioner alleges: "Petitioner makes a series of claims in his petition but now

2 - REPORT AND RECOMMENDATION

narrows those claims down to one:

    (1)  Petitioner alleges that the trial court failed to consider and secure petitioner's Constitutional rights in the imposition of enhancement sentences, including imposition of a dangerous offender sentence which exceeded the applicable statutory maximum sentence possible without requiring a jury determination of the requisite facts and without requiring those facts to be proved beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 530 U.S. 466 (2000)."

Petitioner's Brief on the Merits (#35) p. 1. <u>See also</u>, Reply to State's Response (#40) p. 1-2.

    Petitioner's statement is construed as a motion for voluntarily dismissal of Grounds One, Three, Four and Five and should be allowed. Accordingly, the only remaining claim in this proceeding is petitioner's "Apprendi claim," <u>viz</u>. Ground Two of his 28 U.S.C. § 2254 Petition (#1).

    Respondent contends "[p]etitioner has procedurally defaulted this claim because he failed to present it to the Oregon Supreme Court in a procedural context in which they would consider it and cannot do so now." Response to Petition (#21) p. 8.

    Petitioner contends that the state courts appellate ruling was "interwoven with federal law, specifically the *Apprendi* decision" and this court is, therefore, authorized to reach the merits of petitioner's claim. Reply to State's response (#40), p. 2.

    The relevant facts are as follows. Petitioner was found guilty by a jury in June 1997 and sentenced in August 1997.

3 - REPORT AND RECOMMENDATION

Before sentencing, the court held a "dangerous offender" hearing. Both sides presented expert testimony and argument about whether petitioner suffered from "a severe personality disorder indicating a propensity towards crimes that seriously endanger the life or safety of another." Tr. 858-973; 975-991. The court found the state's expert "more persuasive." Id. The court then stated: "[A]s I read subsection 1 of [the dangerous offender statute - ORS 161.725] I must also find that because of the dangerousness of the defendant, an extended period of confined correctional treatment or custody is required for the protection of the public in order to impose a sentence under this statute." Tr. 995. The court heard additional argument and made this finding in favor of the state. Tr. 1020.

Pursuant to the trial judge's finding that petitioner was a dangerous offender, petitioner received an indeterminate sentence of 30 years on count one (manslaughter). Tr. 1022; Respondent's Exhibit 101, p. 6. The statutory maximum without the dangerous offender finding was 20 years. ORS 163.118(2) 1997) (providing that manslaughter in the first degree is a Class A felony); ORS 161.605(1) (setting the "maximum term of an indeterminate sentence of imprisonment" for a Class A felony at 20 years).

On June 26, 2000, while petitioner's direct appeal was

4 - REPORT AND RECOMMENDATION

pending, *Apprendi* was decided. 530 U.S. 446 (2000). On December 6, 2000, petitioner filed a supplemental brief with the Oregon Court of Appeals in which he raised an *Apprendi* claim, and the state filed a response. Respondent's Exhibit 105 and 106.

On October 31, 2001, the Oregon Court of Appeals affirmed petitioner's sentence, State v. Nitschke, 177 Or. App. 727 (2001) (*per curiam*), citing State v. Crain, 177 Or. App. 727, 33 P.3d 1027 (2001) which held that *Apprendi's* application to the dangerous offender statute was not plain error, and thus defendant's appeal could not rely on the un-preserved claim. Petitioner sought and was denied review by the Oregon Supreme Curt on the *Apprendi* issue. 335 Or. 142, 61 P.3d 938 (2002); Respondent's Exhibit 107.

It is well settled that a state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]; see also, Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly

5 - REPORT AND RECOMMENDATION

presenting" his claims to the highest state court with jurisdiction to consider them. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

A federal court is precluded from reviewing the merits of a claim when the state court decision has denied relief on the basis of an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Vansickel v. White, 166 F.3d 953, 957 (9th Cir.) cert. denied, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon

6 - REPORT AND RECOMMENDATION

a federal constitutional ruling. Michigan v. Long, 463 U.S. 1032, 1040 (1983); Ake v. Oklahoma, 470 U.S. 68, 75 (1985); Larosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rules constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. Ford v. Georgia, 498 U.S. 411, 424 (1991).

If a petitioner failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).

If a claim is procedurally defaulted in state court, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

Petitioner did not raise a Sixth and Fourteenth Amendment objection to the trial court at sentencing. In Oregon, appellate review is governed by ORAP 5.45(1), which states that "[n]o matter claimed as error will be considered

7 - REPORT AND RECOMMENDATION

<mark>
<mark>
</mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

on appeal unless the claimed error was preserved in the lower court." As noted above, the Oregon Court of Appeals affirmed petitioner's sentence, citing *State v. Crain* holding that failure to preserve an *Apprendi* claim at the trial court precluded appellate review. In *Crain*, the Oregon Court of Appeals also declined to consider the *Apprendi* claim as a "plain error." See also <u>State v. Gornick</u>, 340 Or. 160, 170, 130 P.3d 780 (2006) (under established Oregon law, claims may not be raised on the first time on appeal unless they fall into the narrow "plain error" exception, and *Apprendi* claims do not fit within that exception. The Oregon Supreme Court denied review).

Respondent argues: "Because the Oregon Court of Appeals found that an independent and adequate state procedural rule precluded review of petitioner's *Apprendi* claim on the merits, the claim is procedurally defaulted. See <u>Lalonde v. Belleque</u>, 2008 U.S. Dist. LEXIS 22365 (D. Or. Mar. 19, 2008) unpublished (holding that petitioner procedurally defaulted his *Apprendi* claim when he failed to preserve it for appeal to the Oregon Court of Appeals). Response to Petition (#21) p. 8.

Petitioner also attempted to raise his claim that the dangerous offender sentence violated *Apprendi* in his post-conviction relief (PCR) proceeding. However, the PCR trial court denied the claim on the ground it was barred by <u>Palmer</u>

8 - REPORT AND RECOMMENDATION

v. State, 318 Or. 352, 356-58. 867 P.2d 1368 (1994) (PCR petitioners generally may not raise claims in PCR proceedings that could have been raised during the underlying criminal proceeding and direct appeal, unless they assert that failure to raise the claim constituted ineffective assistance of counsel).

As a preliminary matter, respondent argues: "[P]etitioner raised a claim to the Oregon Court of Appeals that the trial court did not have jurisdiction to impose a dangerous offender sentence based on facts not alleged in the indictment. (Ex. 105 at 2] As an initial matter, the claim [on appeal] differs from the claim that petitioner now raises - that the dangerous offender sentence was imposed without requiring the supporting facts be decided by a jury beyond a reasonable doubt. Sur-Reply (#42) p. 2.

Petitioner argues that he did raise the claim that the trial court did not have jurisdiction because the dangerous offender facts were not raised in the indictment on direct appeal, "but he also raised the current claim that *Apprendi* required the dangerous offender findings to be made by a jury and beyond a reasonable doubt." Sur-Response (#45) p. 1-2.

The record concerning this issue is subject to different interpretations.

Petitioner's Supplemental Brief on appeal alleged the

9 - REPORT AND RECOMMENDATION

"Additional Questions Presented" as "[d]id the trial court have jurisdiction to impose a dangerous offender sentence based on facts not alleged in the indictment." Exhibit 105, p. 1. Petitioner's "Summary of Argument" focused on the claim that the indictment did not allege that petitioner was a dangerous offender and that under *Apprendi* the "facts constituting dangerous offender status ... must be pled in the indictment." Id.

However, in the body of petitioner's direct appeal brief, he argued: "As a matter of federal law, any fact that increases a defendant's exposure to a sentence beyond the statutory maximum is an element of the crime. Apprendi v. New Jersey, 120 S.Ct. at 2365, n. 19. Such facts must be submitted to the jury and proven beyond a reasonable doubt. Jones v. United States, 526 U.S. at 232. The legal point is not reasonably in dispute. ... The failure to submit this issue to the jury violates defendant's rights under the Sixth Amendment to the federal constitution. Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed. 2d 311 (1999) (defendant entitled to jury determination whether victim suffered serious bodily injury under federal carjacking statute); Apprendi, 120 U.S. at 2363-64 (due process under Amend XIV requires jury determination of factual element of crime which enhances punishment; applied to state statute)."

10 - REPORT AND RECOMMENDATION

(sic) Exhibit 105, p. 9-10.

Respondent's Brief alleged: "The only argument that defendant makes in his supplemental brief is that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.ED 2D 435 (2000), that [his] sentence is unlawful. He argues that the sentence reflects error because the indictment did not allege any dangerous-offender factors or otherwise allege that defendant is a dangerous offender, and because the jury did not make any dangerous offender findings." Exhibit 106, p. 1.[1]

It is not necessary to decide whether petitioner's claim on direct appeal can be construed as encompassing the argument he raises in this proceeding. Petitioner conceded in his direct appeal supplemental brief that he "made no objection [at trial] on the ground argued on appeal," Exhibit 105, p. 2, and the court found that the *Apprendi* claim was not preserved or "plain error." Therefore it is immaterial whether both the jurisdictional/indictment issue and the jury findings/sentencing issue were raised on appeal because neither claim was properly before the court or reviewable.

In Oregon, appellate review is governed by Or, R, App.

---

[1] It is not disputed that the *Apprendi* claim argued in this proceeding (ie based on the lack of jury findings of dangerous offender facts) was raised in the petition for review to the Oregon Supreme Court. See, Exhibit 107.

11 - REPORT AND RECOMMENDATION

Pro. 5.45(1), which provides that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court." The Rule does, however, provide an alternate procedure whereby "the appellate court may consider an error of law apparent on the face of the record" when the error was not preserved in the lower court. This provision allows the Oregon Courts of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." <u>Ailes v. Portland Meadows, Inc.</u>, 312 Or. 376, 381, 823 P.2d 956 (1991). To be error on the face of the record, an alleged error must satisfy three predicate criteria: "(1) it must be an error 'of law'; (2) it must be 'apparent,' meaning the point must be obvious, that is not reasonably in dispute; and (3) it must appear on the face of the record, meaning the court need not look beyond the record to identify the error or 'choose between competing inferences, and the facts constituting the error must be irrefutable.'" <u>State v. Cladwell</u>, 187 Or. App. 720, 725, 69 P.3d 830 (2003) (quoting *Ailes*, 312 Or. at 381-82), *rev. denied*, 336 Or. 376, 84 P.3d 1080 (2004).

As noted above, the Oregon Court of Appeals affirmed petitioner's sentence citing <u>State v. Crain</u>, which held that *Apprendi's* application to the dangerous offender statute was not plain error, and thus petitioner's appeal could not rely

12 - REPORT AND RECOMMENDATION

on the un-preserved claim.

Petitioner argues that the Court of Appeals finding that "plain error" did not exist was "interwoven" with federal law because it was based on an analysis of the *Apprendi* claim. Reply to State's Response (#40), p. 8.

The argument that the Court of Appeals ruling was interwoven with federal law because it evaluated whether the constitutional error was "apparent" was rejected by this court in <u>Gibbs v. Hill</u>, 2008 WL 299070 (D.Or. Jan 29, 2008) [unpublished opinion]. In *Hill*, Judge Marsh adopted Magistrate Judge Stewart's finding that: "Nothing about ORAP 5.45(1), is interwoven with federal law. To the contrary, ORAP 5.45(1), as it has been interpreted, requires only that claims must be preserved in the trial court, and unpreserved claims will only be entertained if they are obvious and not reasonably in dispute. *Alies*, 312 Or. at 381. Petitioner would have this Court read Rule 5.45(1) in an 'as-applied' manner such that any future federal habeas litigant could cite to the 'plain error' exception in order to raise a claim in federal habeas which was not preserved for state appellate review and likely not considered by the state courts. Such a result is contrary to the purpose of the exhaustion doctrine which is designed 'to avoid the unnecessary friction between the federal and state court systems that would result if a lower

13 - REPORT AND RECOMMENDATION

federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors. *Preiser v Rodriguez*, 411 U.S. 475, 490 (1973).'" Judge Brown considered the same issue and reached the same conclusion in <u>Lalonde v. Belleque</u>, 2008 WL 803015 (D. Or. 19, 2008) [unpublished opinion].

The Oregon Court of Appeals found that an independent and adequate state procedural rule precluded review of petitioner's *Apprendi* claim on the merits. Petitioner's argument that the court of Appeals finding was interwoven with federal law and therefore not a procedural bar based on "independent and adequate" state law grounds presents a close question for the court. Counsel for both petitioner and respondent are commended for their cogent analysis. However, based on the court's reasoning and conclusion in *Gibbs* and *Lalonde,* and the reasons discussed above, I find that the claim was procedurally defaulted.

Petitioner has not established cause and prejudice for the procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, the claim is not properly reviewable by this court in a habeas corpus proceeding.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

14 - REPORT AND RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen(14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be allowed as petitioner has made a substantial showing of the denial of his Sixth and Fourteenth Amendment rights. See, 28 U.S.C. § 2253(c)(2).*

DATED this 14 day of September, 2010.

_____

15 - REPORT AND RECOMMENDATION

                                              Mark D. Clarke
                                              United States Magistrate Judge

16 - REPORT AND RECOMMENDATION