IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ERIC NITSCHKE,

        Petitioner,              Civ. No. 07-1734-CL

        v.                     **OPINION AND ORDER**

BRIAN BELLEQUE,

        Respondent.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner filed objections, and I have reviewed the file of this case *de novo*. 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the Report and Recommendation is correct.

    Petitioner objects to Judge Clarke's conclusion that the decision of the Court of Appeals - that petitioner waived his

1 - OPINION AND ORDER

Apprendi v. New Jersey, 120 S.Ct. 2348, 530 U.S. 466 (2006) claim,
and that the alleged error was not "plain error" - rested on an
adequate and independent state law ruling. Petitioner argues the
decision of the Court of Appeals was interwoven with federal law.
Thus, petitioner argues the claim is not procedurally defaulted.

Judge Clarke concluded petitioner's argument creates "a close
question." I note the state court decision did not inquire as to
the merits of petitioner's federal constitutional argument at
issue here. The Court of Appeals merely noted that "the proper
application of the Supreme Court's reasoning in Apprendi to the
factors set out in [Oregon's dangerous offender statute] is an
issue of first impression in this state, the resolution of which
is not obvious and, thus, is 'reasonably in dispute.'" Oregon v.
Crain, 177 Or.App. 627, 638, 33 P.3d 1050, 1056 (2001). That
conclusion - that petitioner's unpreserved argument did not
constitute "plain error" - was independent of federal law because
it did not depend on a ruling on the merits of petitioner's
federal constitutional claim. Stewart v. Smith, 536 U.S. 856, 860
(2002) (per curiam).

Petitioner relies heavily on the Ninth Circuit's decision in
Park v. California, 202 F.3d 1146 (2000). The California
procedural bar in Park however, unlike the Oregon statute at issue
here, contained an exception for an unpreserved "fundamental
constitutional error." Park, 202 F.3d at 1152. Additionally, the
Ninth Circuit noted "[t]he California Supreme Court recently
stated that [at the time of Park's direct appeal], it necessarily

2 - OPINION AND ORDER

addressed fundamental constitutional claims when applying [the procedural bar at issue]." Id. Petitioner points to no such statement by an Oregon court. Park is simply not analogous to the question of whether the Oregon Court of Appeals decision here reached the merits of petitioner's federal constitutional claim.

The Report and Recommendation correctly concluded petitioner's claim is procedurally defaulted. Because the "plain error" review here was not interwoven with a federal constitutional claim, it is an independent and adequate procedural bar to petitioner's Apprendi claim. See Peters v. Nooth, 2010 WL 1450729 *3 (D.Or. 2010). For the same reasons, the Report and Recommendation correctly concluded petitioner's Apprendi argument had not been fairly presented to the highest state court. See Castille v. Peoples, 489 U.S. 346, 351 (1989).

Petitioner also objects to the Report and Recommendation's reliance on Gibbs v. Hill, 2008 WL 299070 (D.Or., 2008) and Lalonde v. Belleque, 2008 WL 803015 (D.Or., 2008). Petitioner argues the cited cases, in contrast to Supreme Court precedent, "reject the basic proposition that a state's plain error analysis can be addressed in an as applied manner." (Objections to Report and Recommendation, 2-3.) Neither case, however, held that a court conducting habeas review is prohibited from inquiring as to whether the state court reached the merits of a petitioner's unpreserved federal constitutional claim. Rather, the cases rejected the argument that Oregon's "plain error" exception to Oregon R. App. P. 5.45(1) "always" resulted in the state court

conducting a federal analysis of "any" habeas petitioner's unpreserved claim of federal constitutional error. <u>Gibbs</u>, 2008 WL 299070 *4.

### CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#48) is adopted. The petition (#1) is denied and this action is dismissed. Because petitioner has made a substantial showing of the denial of a constitutional right, a certificate of appealability is GRANTED as to petitioner's argument that the decision of the Court of Appeals was interwoven with federal law.  <u>See</u> 28 U.S.C. § 2253(2).

IT IS SO ORDERED.

DATED this ___8___ day of December, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE